JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JUAN CUEN, | ) | No. CV 09-04237-VBK |
|         Plaintiff, | ) ) | ORDER RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
|    v. | ) ) | |
| MICHAEL J. ASTRUE, | ) ) | |
|         Defendant. | ) ) ) | |

On June 16, 2009, Juan Cuen (hereinafter referred to as "Plaintiff") filed a Complaint for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits against Defendant Michael J. Astrue, Commissioner of Social Security.

On July 24, 2009, the parties consented to have this action adjudicated by United States Magistrate Judge Victor B. Kenton.

On October 5, 2009, Defendant filed an Answer to Plaintiff's Complaint.

On May 24, 2010, the Court issued a Minute Order relieving Plaintiff's counsel and deeming Plaintiff to be in pro per.

On November 29, 2010, Plaintiff filed documents entitled "Notice

of Motion and Motion for Summary Judgment" and Memorandum of Points & Authorities in Support of Motion for Summary Judgment," set for hearing on January 4, 2011.

On December 16, 2010, the Court issued a Minute Order vacating the hearing date for Plaintiff's Motion for Summary Judgment and ordering Defendant to file an Opposition to Plaintiff's Motion within 30 days of the date of the Order.

On December 22, 2010, Defendant filed a "Motion and Memorandum in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment."

On January 4, 2011, Defendant filed a document entitled "Notice to the Court Regarding Inability to Serve Plaintiff at Last Known Address."

On February 15, 2011, the Court issued an Order Requiring Plaintiff to Notify Court of Current Address.

On February 22, 2011, the United States Postal Service returned the Court's February 15, 2011 Order stamped "Not Deliverable as Addressed - Unable to Forward."

Central District of California Local Rule 41-6 provides:

> "**DISMISSAL - FAILURE OF PRO SE PLAINTIFF TO KEEP COURT APPRISED OF CURRENT ADDRESS** - A party appearing pro se shall keep the Court apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a pro se Plaintiff's address of record is returned undelivered by the Post Office, and if such plaintiff fails to notify in writing, the Court and opposing parties within fifteen (15) days thereafter of his current address, the Court may dismiss the action with or without prejudice for

2

want of prosecution."

Here, Plaintiff has failed to notify the Court of his current address within 15 days of the service date of the undelivered Order to Show Cause described above, as required by Local Rule 41-6. His failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the District Court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[I]t would be absurd to require the District Court to hold a case in abeyance indefinitely just because it is unable, through the Plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."

It is well established that a District Court has authority to dismiss an action because of failure to prosecute or to comply with Court Orders. See, Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386 (1962), (authority to dismiss for lack of prosecution necessary to prevent undue delay in disposing of pending cases and avoid congestion in Courts' calendars); Ferdik v. Bonzelet, 936 F.2d 1258, 1260 (9th Cir. 1992), (authority to dismiss action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court should consider five factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. In Re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute).

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal. Plaintiff has failed to comply with the Court's Orders requiring Plaintiff to notify the Court of his address, despite being warned of the consequences and granted sufficient time in which to do so. Plaintiff's conduct hinders the Court's ability to move this case towards disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility, despite having been granted sufficient time in which to do so. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The Court cannot move the case towards disposition without Plaintiff's compliance with court orders or participation in its litigation. Plaintiff has shown that he is

4

either unwilling or unable to comply with court orders by filing responsive documents.

Under these circumstances, dismissal for failure to prosecute is appropriate. Such a dismissal should not be entered unless the Plaintiff has been notified that dismissal is imminent. <u>See</u>, <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990). Here, Plaintiff was warned about the possibility of dismissal in the Court's prior Order.

It is **THEREFORE ORDERED** that this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6 and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. <u>See</u> <u>also</u> <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30 (1962).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 15, 2011          /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE